Lewis F. GEER, et al., Plaintiffs,

v.

William D. COX, et al., Defendants.

No. 01–2583–JAR.

United States District Court,
D. Kansas.

Dec. 30, 2003.

James M. Crabtree, Lenexa, KS, James G. Flynn, New York City, for Plaintiff.

Erik P. Klinkenborg, John G. Hansen, Matthew J. Salzman, Stinson Morrison Hecker LLP, Kansas City, MO, Cheryl L. Reinhardt, Leavenworth, KS, Timothy M. O'Brien, Shook, Hardy & Bacon L.L.P., Overland Park, KS, David R. Buchanan, Brown & James, P.C., Scott A. Hunter, Hunter and Nantz, LLC, Kansas City, MO, for Defendant.

## MEMORANDUM AND ORDER GRANTING MOTION FOR RECONSIDERATION

ROBINSON, District Judge.

This matter comes before the Court on plaintiff Lewis Geer's Motion for Reconsideration of the August 20, 2003, Class Order (Doc. 185). In that Order, the Court denied plaintiff's motion for class certification because plaintiff had not demonstrated that he and his counsel could adequately represent the interests of the prospective class, because counsel for plaintiff had failed to respond to the Individual Defendants' arguments opposing class certification. For the reasons set forth below, the Court grants plaintiff's motion for reconsideration and directs counsel to respond to the Individual Defendants' objections to class certification.

*Background*

The procedural background of this case has been set out in detail in previous orders. The Court notes that plaintiff filed a Motion for Class Certification (Doc. 70) on August 1, 2002. An Amended Scheduling Order (Doc. 135) entered by Magistrate Judge Waxse on February 7, 2003, gave defendants until April 21, 2003 to object to class certification; plaintiff's reply was due on or before May 21, 2003. The Individual Defendants timely filed their opposition to class certification, which consisted of approximately 100 pages, with exhibits (Doc. 160). Despite the Amended Scheduling Order, plaintiff did not reply to the objection, nor did he request a hearing on his motion.

Plaintiff contends that his New York counsel did not receive a copy of the Individual

Defendants' objection and, although his local counsel did receive electronic notification of the filing, he was unable to access the notice because his computer system was "in a transition period."

*Discussion*

■ A party may file a motion asking a judge to reconsider an order or decision made by that judge. Pursuant to D. Kan. Rule 7.3, motions seeking reconsideration of non-dispositive orders shall be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[1] Deciding whether to grant or deny a motion for reconsideration is within the court's discretion.[2]

Plaintiff contends that reconsideration of the Court's order is necessary to avoid a manifest injustice to plaintiff and to absent members of the proposed class. Plaintiff submits affidavits of New York and local counsel. James Crabtree, local counsel, states that he was having trouble with the electronic filing system implemented in March of 2003, and did not see the objection until after entry of the Court's order denying class certification. Crabtree further states that he assumed that New York counsel, James Flynn, was also receiving service via mail, as previously filed pleadings had routinely contained a certificate of service verifying service on Flynn by mail. Flynn states in his affidavit that he never received a copy of the objection.

The Individual Defendants' certificate of service for Doc. 160 indicates that the pleading was electronically filed on April 21, 2003, and that the CM/ECF service would send a notice of electronic filing to James Crabtree and James Flynn; no service was made by mail. As counsel admitted pro hac vice, however, Mr. Flynn did not receive electronic notice of filing; instead, Crabtree, as local counsel, was registered as a Filing User and received electronic filing notices.[3] The electronic notice receipt indicates that notice of Doc. 160 was electronically mailed to Crabtree at his email address. The receipt further states that notice will *not* be electronically mailed to James Flynn; however, the address for Flynn is incorrectly listed as Iowa rather than New York. Thus, plaintiff received electronic notice of Doc. 160 by way of local counsel, who has taken the blame for computer system "transition" problems. This begs the question why counsel was not expecting the objection, which was subject to a specific scheduling order. The Individual Defendants had certainly mounted a vigorous defense throughout these proceedings; surely plaintiff was anticipating an objection to class certification.

■ Be that as it may, the Court will give plaintiff the benefit of the doubt in this situation and grant the motion for reconsideration, given the fact that CM/ECF had only been implemented for one month and local counsel assumes blame for his computer system limitations. The Court further notes that although Flynn's address was incorrect, the clerk's office does not send notice via mail. Instead, parties not deemed to have consented to electronic service are entitled to service of paper copies of the notice of electronic filing and the electronically filed pleading; service of such paper copies must be made according to the Federal Rules of Civil Procedure and the local rules.[4] Although plaintiff had consented to electronic service, there appears to have been some confusion by both parties as to whether Flynn was to continue to receive copies via mail from opposing counsel, who certified that notice of

1. *Brown v. Presbyterian Healthcare Services,* 101 F.3d 1324, 1332 (10th Cir.1996), *cert. denied* 520 U.S. 1181, 117 S.Ct. 1461, 137 L.Ed.2d 564 (1997).

2. *Annett v. University of Kansas,* 2003 WL 168967, *1 (D.Kan. Jan. 17, 2003) (citations omitted).

3. D. Kan. Rule 5.4.2. Although not required, attorneys admitted pro hac vice may register as Filing Users and shall receive notices of electronic filing automatically generated by the electronic filing system; local counsel must file pleadings electronically.

4. D. Kan. Rule 5.4.9.

Doc. 160 was to be sent electronically to Flynn, rather than by mail.[5]

Although plaintiff argues that issues similar to the class certification objections were addressed in his response to various motions to dismiss, the Court is not inclined to extrapolate those issues to the class certification context. Accordingly, the Court directs plaintiff to reply to the Individual Defendant's objections to class certification within twenty (20) days of the date of this order. In addition to the issues raised by the Individual Defendants, the Court directs counsel to address 1) what steps have been taken to prevent such pleading service oversights in the future; and 2) whether the plaintiff in the related case, *Grogan v. O'Neal,* 03–2091–KHV, intends to seek class certification on the § 271 claim.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's motion to reconsider (Doc. 185) is GRANTED; plaintiff shall reply to the Individual Defendants' objection to class certification (Doc. 160) within twenty (20) days of the date of this order.

IT IS SO ORDERED.

---

**5.** *See id.* The Court notes that the certificate of service for Individual Defendants' response to plaintiff's motion to reconsider was both mailed *and* filed with the clerk to send notice of electronic filing.