In the

# United States Court of Appeals

### For the Seventh Circuit

No. 10-1659

SCOT VINCE,

*Plaintiff-Appellant*,

*v.*

ROCK COUNTY, WISCONSIN, *et al.*,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 3:08-cv-00591-slc—**Stephen L. Crocker**, *Magistrate Judge*.

SUBMITTED APRIL 15, 2010—DECIDED MAY 3, 2010

Before BAUER, POSNER, and EVANS, *Circuit Judges*.

PER CURIAM. Scot Vince suffered a beating at the hands of an inmate in the Rock County (Wisconsin) jail. Vince, a longtime confidential informant for Rock County law enforcement agencies, claims that he should not have been housed in the jail's general population following an arrest for bail jumping. A magistrate judge determined that Vince's injury could not be attributed to any of the defendants Vince named in his civil rights

case and, with the consent of the parties, granted summary judgment for defendants, terminating the case.

A Rule 58 judgment was entered on December 14, 2009, but the time for Vince to appeal was tolled because he filed a timely motion to alter or vacate judgment pursuant to Rule 59. *See* Fed. R. App. P. 4(a)(4)(A)(iv). The magistrate judge denied the motion, and his order was entered on the district court's civil docket on February 10, 2010, requiring that any appeal be filed within 30 days of this date.

On March 12, 2010, the 30th and last day of the appeal period, Vince's counsel electronically sent a notice of appeal to the clerk's office, using the court's mandatory electronic filing system. Unfortunately, Vince's attorney transmitted the notice of appeal using the wrong event code. Clerk's office staff discovered the error and notified counsel of his mistake in an email sent on March 15, 2010, directing him to re-file the notice of appeal with the correct event code. Counsel did so, and the notice of appeal was transmitted to the district court a second time on March 18, 2010.

The second transmission of the notice of appeal, sent six days after the time to appeal had expired, was forwarded to this court and caused Seventh Circuit court staff to question the timeliness of Vince's appeal. In a memorandum addressing this court's concern about its jurisdiction over Vince's appeal, Vince's counsel recounts his mistake in transmitting the appeal, believing that "the 'original filing' of the Notice of Appeal was March 12, 2010", and "the March 18, 2010 filing was

[merely] to place the earlier filing in the 'right event' ". The district court docket, however, did not recognize the "original filing" date. The entry for March 12, identified as docket entry no. 98, noted that the tendered notice of appeal was "Disregard[ed]" and "refiled as # 99 [on March 18, 2010]". Docket entry no. 99 is Vince's notice of appeal and bears a filing date of March 18, 2010. We note that this docket entry also includes a clerk's note that the "appeal was originally filed on 3/12/2010 with the wrong event used", and supports Vince's claim that his notice of appeal was timely.

Three rules speak to the issue of appellate jurisdiction presented in this case. Under Rule 83(a)(2) of the Federal Rules of Civil Procedure, "[a] local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply." Similarly, Rule 5(d)(4) protects against missteps in a litigant's compliance with local rules pertaining to the filing of papers, directing the clerk "not to refuse to file a paper" due to its nonconformity. Fed. R. Civ. P. 5(d)(4). And more specifically for our purposes, Federal Rule of Appellate Procedure 3(c)(4) prohibits the dismissal of an appeal "for informality of form or title of the notice of appeal."

Virtually every federal court today operates a comprehensive case management system that allows it to maintain electronic case files and offer electronic filing over the Internet. It is incumbent that attorneys litigating in federal courts learn the essentials of e-filing. The Western District of Wisconsin requires all documents to be filed

electronically unless they fall under certain exceptions—none of which are relevant to this case. Anticipating that mistakes will be made, the Western District e-filing user's manual includes a section listing common mistakes and describes the steps that the clerk's office takes to correct an error found. Still, there are bound to be mistakes made as attorneys become accustomed to the nuances of electronic filing. Counsel's mistake here was the first listed mistake in the Western District's manual.

We recently determined in *United States v. Harvey*, 516 F.3d 553, 555-56 (7th Cir. 2008), that a criminal defendant timely filed his notice of appeal when he submitted it electronically to the clerk's office even though "the submission did not conform to local rules". The district court's manual governing electronic filing required that a paper copy of the notice of appeal be filed. Harvey neglected this step but corrected the mistake once the clerk's office brought it to his attention, and he filed a paper copy of the notice (although it took him two months to do so). The Second Circuit addressed a similar factual situation in *Contino v. United States*, 535 F.3d 124, 126-27 (2d Cir. 2008), agreeing with our reasoning in *Harvey*. Counsel's failure to electronically transmit Vince's notice of appeal with the proper event code was an error of form, just as in *Harvey* and *Contino*. *Compare Klemm v. Astrue*, 543 F.3d 1139, 1141-44 (9th Cir. 2008) (notice of appeal filed within appeal period though in paper form rather than electronically, contrary to local rules, and accompanied by a postdated check, was rejected by the clerk, but did not defeat appellate jurisdiction).

Earlier, in addressing the date of a complaint's filing, we concluded that an electronic filing system "must accept every document tendered for filing." *Farzana v. Indiana Department of Education*, 473 F.3d 703, 708 (7th Cir. 2007). In that case, we determined that a complaint is timely filed even though the district court's electronic filing system rejected it due to an error in the docket number, observing "[t]he software that operates an e-filing system acts for 'the clerk' as far as Rule 5 is concerned; a step forbidden to a person standing at a counter is equally forbidden to an automated agent that acts on the court's behalf." *Farzana*, 473 F.3d at 707. *Accord Royall v. National Association of Letter Carriers*, 548 F.3d 137, 140-43 (D.C. Cir. 2008), citing *Farzana*.

There may well be cases in which a filing is so riddled with errors that it cannot fairly be considered a notice of appeal, and therefore its filing, electronic or otherwise, will not vest an appellate court with jurisdiction, *United States v. Carelock*, 459 F.3d 437 (3d Cir. 2006) (an electronically filed notice of appeal that bore incorrect name of defendant, wrong docket number, wrong district court judge's name, and wrong judgment date not sufficient), but that is not the case here. We conclude that Vince's appeal is timely. Counsel practicing in the federal courts today would be well advised to pay close attention to their electronic transmissions, so that errors in electronic filing do not adversely affect one of their cases. Otherwise, counsel may find that "'a computer lets you make more mistakes faster than any invention in human history—with the possible exceptions of handguns and tequila'", as Judge Aldisert observed in

*Carelock*, 459 F.3d at 443 (citation omitted), quoting a not so old adage.