2023 IL App (1st) 230239-U

No. 1-23-0239

Second Division
February 22, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| NATHAN BEAN, | ) | Appeal from the |
| | ) | Circuit Court of |
| | ) | Cook County. |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | No. 23-EB-ALD-043 |
| | ) | |
| THE BOARD OF ELECTION | ) | |
| COMMISSIONERS FOR THE CITY OF | ) | |
| CHICAGO ELECTORAL BOARD, and Its | ) | |
| Members, MARISEL A. HERNANDEZ, | ) | |
| WILLIAM J. KRESSE, and JUNE A. | ) | |
| BROWN, and Its Hearing Officer, LINDA R. | ) | |
| CRANE; the BOARD OF ELECTION | ) | |
| COMMISSIONERS FOR THE CITY OF | ) | |
| CHICAGO; and CHARLES SCHUTT, | ) | Honorable |
| | ) | Paul A. Karkula, |
| Respondents-Appellees. | ) | Judge, presiding. |

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Lavin and Justice Coghlan concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court properly dismissed a petition for judicial review where the petition was untimely.

¶ 2    Petitioner Nathan Bean filed nomination papers with the Board of Election Commissioners of the City of Chicago (Board) seeking to become a candidate for the office of alderman for the 44th Ward in Chicago. Respondent Charles Schutt objected to petitioner's nomination papers. After a hearing, the Board sustained the objection and ruled that petitioner's name would not appear on the ballot. Petitioner then filed a petition for judicial review in the circuit court, which the court dismissed as untimely. For the following reasons, we agree with both the Board and the circuit court, and therefore affirm.

¶ 3                                                    I. BACKGROUND

¶ 4    Petitioner filed his nomination papers with the Board on November 28, 2022. However, these papers did not include a receipt verifying that petitioner had filed a statement of economic interests with the Cook County Clerk. On December 5, 2022, Schutt filed an Objector's Petition arguing that the petitioner's nomination papers were invalid due to the lack of a receipt for the economic interests statement.

¶ 5    The matter proceeded to a hearing before Hearing Officer Linda R. Crane, which began on December 12, 2022. On that date, petitioner appeared *pro se* and stated that he intended to file a motion to dismiss the Objector's Petition on the grounds that he did not receive proper service.[1] The hearing was then continued until December 20, 2022.

¶ 6    In his motion to dismiss, filed December 13, petitioner contended he was not served in compliance with the Election Code. Rather, petitioner claimed he was only notified of the hearing by a campaign worker on Friday, December 9, 2022, and therefore had "[l]ess than four business

_____

[1] In the "NOTES/COMMENTS" section of her status report for the December 12 hearing, Hearing Officer Crane noted that petitioner was claiming a lack of service and suggested the Board "attempt to serve him if he has not been served[.]" However, it appears that no further attempts at service were made.

hours to prepare for the initial hearing" on December 12. Petitioner also filed a separate response to the Objector's Petition in which he acknowledged that he failed to file a receipt for an economic interests statement, but argued that it would be "unduly harsh" to invalidate his candidacy over a "technical deficiency" that could be cured.

¶ 7 At the continued hearing on December 20, petitioner again asserted that he was not served in accordance with the Election Code and that his candidacy should not be invalidated due to the "hypertechincal requirement" of the missing economic interests statement receipt. Schutt, through counsel, argued that (1) petitioner received adequate service under the Election Code and (2) invalidation of the nomination papers was the only possible consequence for petitioner's failure to file the required receipt.

¶ 8 On January 3, 2023, Hearing Officer Crane issued her recommendation that the Objector's Petition be sustained and petitioner's name not be added to the ballot. The Board entered an order unanimously adopting Hearing Officer Crane's findings and recommendations on January 6, 2023.

¶ 9 Subsequently, petitioner petitioned for judicial review of the Board's decision in the circuit court. Although the petition was ultimately accepted and file stamped on January 12, 2023, petitioner apparently made several unsuccessful attempts to file the petition electronically on January 11, which involved him making "several phone calls to the Circuit Court Clerk's Office and the Odyssey technical support staff to figure out the problem." The petition was eventually accepted by the clerk's office on January 12.

¶ 10 On January 27, 2023, Schutt filed a motion to dismiss the petition for judicial review as untimely. Schutt also separately filed a response in which he maintained that petitioner's nomination papers were properly invalidated for lack of an economic interests statement receipt.

¶ 11    On February 6, 2023, the circuit court granted Schutt's motion to dismiss, finding the petition for judicial review untimely. The following day, February 7, 2023, petitioner filed a notice of appeal.[2]

¶ 12                                    II. ANALYSIS

¶ 13    This appeal presents two primary issues. First, we must determine whether the circuit court had jurisdiction to consider petitioner's petition for judicial review. If so, we must then determine whether the Board erred in invalidating petitioner's nomination papers.

¶ 14    As to the first issue, we note that circuit courts do not have original jurisdiction to decide the validity of a prospective candidate's nomination papers. *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 200, 209 (2008). Rather, a circuit court may exercise jurisdiction over election cases only to the extent provided by statute. *Bettis v. Marsaglia*, 2014 IL 117050, ¶ 14. If the procedures for exercising this special statutory jurisdiction are not strictly followed, then no jurisdiction is conferred on the circuit court. *Id.* We review whether the circuit court gained jurisdiction *de novo*. *Id.* ¶ 12.

¶ 15    The statutory process for initiating judicial review in the circuit court is set forth in section 10-10.1(a) of the Election Code. 10 ILCS 5/10-10.1(a) (West 2022). Section 10-10.1(a) provides that:

> "a candidate or objector aggrieved by the decision of an electoral board may secure judicial
> review of such decision in the circuit court of the county in which the hearing of the

---

[2] On February 9, 2023, petitioner also filed four emergency motions with this court: (1) a motion to place this appeal on the accelerated docket, (2) a motion to stay the decisions of the Board and circuit court, (3) a motion for leave to file a supporting record *instanter*, and (4) a motion to file a bystander's report *instanter*. We allowed the motion to place the appeal on the accelerated docket, but denied the others. The parties have since stipulated to a bystander's report.

electoral board was held. The party seeking judicial review must file a petition with the clerk of the court and must serve a copy of the petition upon the electoral board and other parties to the proceeding by registered or certified mail within 5 days after service of the decision of the electoral board as provided in Section 10-10." *Id.*

As our supreme court has stated, "[t]here is no question that strict compliance with section10-10.1(a) is required." *Bettis*, 2014 IL 117050, ¶ 16. Thus, "[t]he failure to *strictly* comply with the requirements of section 10-10.1 deprives the circuit court of subject matter jurisdiction to review an electoral board's final decision." (Emphasis in original. *Quinn v. Board of Election Commissioners for the City of Chicago Electoral Board*, 2018 IL App (1st) 182087, ¶ 19.

¶ 16    In this case, the Board rendered and served its final decision on January 6, 2023. Thus, under section 10-10.1(a), petitioner had five days—or until the end of January 11, 2023—to file a petition for judicial review. Although petitioner made several attempts to electronically file his petition on January 11, there is no serious dispute that the petition was not *actually* filed (*i.e.* accepted and file-stamped by the clerk's office) until January 12. The petition was therefore untimely.

¶ 17    Petitioner nevertheless argues that we should excuse his tardy filing pursuant to Illinois Supreme Court Rule 9(d)(2) (eff. Dec. 13, 2017), which provides that "[i]f a document is rejected by the clerk and is therefore untimely, the filing party may seek appropriate relief from the court, upon good cause shown." In advancing this argument, petitioner likens his case to *Davis v. Village of Maywood*, 2020 IL App (1st) 191011. However, *Davis* is readily distinguishable. First, *Davis* did not involve judicial review of an election board's decision, and we are aware of no election case invoking Rule 9(d) to excuse the late filing of a petition for judicial review. Second, the tardy filing in *Davis* was excused largely because of confusion with a new e-filing system that had been

implemented less than two weeks prior. *Davis*, 2020 IL App (1st) 191011, ¶ 21. While we are mindful that petitioner (who appears *pro se*) was not personally familiar with the circuit court's e-filing system, the system has been in use for several years. Additionally, while this was not necessarily the kind of "midnight filing" we admonished against in *Davis*, we note that petitioner did wait until the last day before attempting to file his relatively straightforward petition for judicial review. Indeed, petitioner himself acknowledges his efforts to file on the due date were hampered because the closing of the clerk's office and the Odyssey support hotline left him with "limited [technical] support between 4:30 p.m. and 7 p.m., and virtually no support between 7 p.m. and the midnight deadline." Under these circumstances, we do not find that petitioner has established good cause to excuse the late filing of his petition. Accordingly, the circuit court did not err in dismissing the petition for lack of subject matter jurisdiction.

¶ 18     While we could end our analysis there, we further wish to note that we would find no error in the Board's decision. Section 10-5 of the Election Code provides that nomination papers are "not valid if the candidate named therein fails to file a statement of economic interests as required by the Illinois Governmental Ethics Act in relation to his candidacy with the appropriate officer by the end of the period for the filing of nomination papers [.]" 10 ILCS 5/10-5 (West 2022). Section 10-5 also states that where, as here, the candidate must submit his economic interests statement to an entity other than the election board, "the candidate must file with the [election board] a receipt from the officer with whom the statement of economic interests is filed showing the date on which such statement was filed." *Id.* In such an instance, the receipt shall be filed by the last day on which nomination papers may be filed. *Id.*

¶ 19     Thus, Section 10-5 plainly requires an aldermanic candidate to file a statement of economic interests with the county clerk, and then to also submit a receipt for that filing with the election

board. There is no dispute that petitioner failed to do so.[3] Illinois courts have routinely held that failure to strictly comply with the economic interests statement requirement results in the invalidation of a candidate's nomination papers. *Kellogg v. Cook County Illinois Officers Electoral Board*, 347 Ill. App. 3d 666, 690-70 (2004); *Powell v. East St. Louis Electoral Board*, 337 Ill. App. 3d 334, 337-38 (2003); *Bolger v. Electoral Board of the City of McHenry,* 210 Ill. App. 3d 958, 959-60 (1991).

¶ 20    Petitioner's main contention, however, is that Board lacked jurisdiction to rule on the validity of his nomination papers in the first place because he was not afforded proper service. This argument is also unpersuasive.

¶ 21    Section 10-10 of the Election Code (10 ILCS 5/10-10 (West 2022)) provides that within 24 hours of receiving an objection to a candidate's nomination papers, the chair of the Board "shall" send a call designating the date, time, and location of the hearing to the candidate by either registered or certified mail. The Board "shall also cause" the sheriff of the county in which the candidate resides to serve the candidate with a copy of the call. *Id.*

¶ 22    First, while petitioner maintains he did not receive such a call by certified mail until December 21, 2022, it is not clear that service did not comply with the Election Code. According to a Certificate of Service found in the record, a Board employee sent petitioner a copy of the call and other documents via certified mail on December 6, 2022. Also on December 6, the employee placed copies of those same documents with the Cook County Sheriff to be served upon petitioner. The record further reflects that the Cook County Sheriff unsuccessfully attempted to serve petitioner around 5 p.m. on December 9.

---

[3] The record shows petitioner submitted an economic interests statement directly to the Board itself, and not a receipt showing that he filed the same with the Cook County clerk.

¶ 23    However, regardless of whether service strictly complied with section 10-5, this court has held that a lack of strict compliance does not deprive the Board of jurisdiction where the aggrieved party receives some notice of the proceedings. *Shipley v. Stephenson County Electoral Board*, 130 Ill. App. 3d 900, 903 (1985); *Havens v. Miller*, 102 Ill. App. 3d 558, 565 (1981). Here, petitioner had actual notice of the proceedings by December 9, and in fact appeared and participated in both the December 12 and December 22 hearings. While we are again mindful that petitioner appeared *pro se*, it is clear that petitioner had actual notice and ample time to prepare for the relatively simple issues presented in the objector's petition.[4] Thus, petitioner's argument that the Board lacked jurisdiction to rule on his nomination papers is without merit.

¶ 24                                       III. CONCLUSION

¶ 25    For the reasons stated, we affirm the dismissal of petitioner's petition for judicial review.

¶ 26    Affirmed.

---

[4] While petitioner emphasizes the number of "business hours" he had to prepare between receiving notice and the initial hearing date, we note that no substantive issues were heard until the second day of the hearing, nearly two weeks after petitioner received notice.