In the Matter of Michelle L. SIZEMORE, Debtor.

No. 06–10142.

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

March 1, 2006.

## DECISION

ROBERT E. GRANT, Bankruptcy Judge.

This case was filed on February 15, 2006. Upon doing so, debtor's counsel filed a motion asking the court to deem it to have been filed on October 16, 2005. The motion represents that counsel attempted to file the case on Sunday, October 16, 2005, but was unable to do so, even though he had successfully filed other cases that same day. Although counsel was aware that the case had not been accepted for filing, his bankruptcy software was of a different opinion and, because it is apparently written in a way that is designed to prevent accidentally filing the same case more than once, that software would not permit him to "re-file" the case when he attempted to do so later that day. As a result, on Monday, October 17, counsel brought the matter and his computer logs to the attention of the Fort Wayne Division manager who confirmed that the case had not been filed, that the court's ECF system had not experienced any disruptions and had worked properly over the weekend prior to October 17, and that the matter would need the attention of the court Clerk, Christopher DeToro. Mr. DeToro was provided with the information, reviewed it and, by October 24, advised debtor's counsel that the court's ECF system had worked properly throughout the entire time in question, the case had not been filed and, that any further assistance or relief from the events of October 16 would have to be sought from the court itself. This advice was reiterated on November 4, 2005, following a review of some additional information that debtor's counsel provided.

█ The court is not at all certain that it has the power to do what debtor's counsel has asked—treat this case as though it were filed before it actually was. While Rule 60(b) of the Federal Rules of Civil Procedure allows the court to relieve a party from a final order or judgment as a result of such things as excusable neglect, and Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure authorizes belated extensions of time to do something where the failure to act within the time required is attributable to excusable neglect, both of those rules assume the existence of a case within which they can operate. They do not begin to operate or govern behavior until after a case has been filed and even then they apply only to what may happen after that date. Their operation is not retroactive. They do not authorize the filing of a case on one day while pretending that it was filed on another. This is especially so where bankruptcy cases are concerned and so many rights are determined as of the date of the petition. *See e.g.*, 11 U.S.C. §§ 362(a), 541(a), 547–549.

█ While the court's order authorizing electronic filing contemplates that relief may be sought from the court if a filing is

not timely because of a technical system failure, that provision is largely premised upon the authority found within such things as Rule 9006 and Rule 60 and, as such, operates within the context of a case that already exists. *See,* Fifth Amended Order Authorizing Electronic Case Filing, ¶ 17(b). *See also, Phoenix Global Ventures, LLC v. Phoenix Hotel Associates, Ltd.,* 2004 WL 2360033 (S.D.N.Y.2004)(technical problems excused untimely motion to remand); *In re Mezvinsky,* 2001 WL 1403525 (Bankr.E.D.Pa.2001)(technical problems constituted excusable neglect under Bankruptcy Rule 8002(c)(2) justifying belated notice of appeal). The court acknowledges that if it is closed because of unanticipated events such as weather, or if other local conditions have made the clerk's office inaccessible, some filing deadlines may be suspended. *See,* Fed.R.Civ.P. Rule 6(a); Fed R. Bankr.P. Rule 9006(a). But it is not aware of any authority that would apply this principle to an individual filer who was not able to file a case for reasons that were unique to it, such as where counsel became stuck in traffic en route to the courthouse and, as a result, failed to file before the statute of limitations expired. *See, White v. City of Chicago,* 1996 WL 648710 (N.D.Ill.1996). *See also, U.S. v. Marcello,* 212 F.3d 1005, 1010 (7th Cir. 2000). The traffic analogy seems apt because that is essentially what counsel encountered: an electronic traffic jam and/or the breakdown of electronic equipment, rather than one involving automobiles. Yet, despite the differences between mechanical and electronic complications, the underlying principles are the same.

■ The court holds that, even though it may have the ability to grant some limited relief where an electronic filing is untimely as a result of technical failures, it does not have the authority to allow the retroactive filing of a case which was not filed earlier because counsel experienced computer problems when the court's ECF system was otherwise up and running and functioning properly. *Accord, Farzana K. v. Indiana Dept. of Educ.,* 2005 WL 3501703 *5–6 (N.D.Ind.2005); *In re Sands,* 328 B.R. 614, 619 (Bankr.S.D.N.Y.2005).

■ Even if the court had the authority to do what counsel asks, it would not do so here. One of the prerequisites for discretionary relief like that available through either Rule 60(b) or Rule 9006(b)(1) is that the movant must act in a timely manner. Here, the court does not need to determine what would have been a timely request for such relief because it is clear that the present one is not timely. Counsel knew by November 4, 2005, at the very latest, that not only had this case not been filed, but also that it would not be treated as having been filed prior to October 17, 2005 unless appropriate relief was obtained from the court itself. Despite this, counsel waited until February 15, 2006, to file the case and to seek relief from the events of October 16. That was too long.

Debtor's motion will be denied.