In the

# United States Court of Appeals

### For the Seventh Circuit

No. 11-3876

JOHN C. JUSTICE,

*Plaintiff-Appellant*,

*v.*

TOWN OF CICERO, ILLINOIS, and
LARRY DOMINICK, Town President,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 10 C 5331—**Matthew F. Kennelly**, *Judge*.

SUBMITTED APRIL 19, 2012—DECIDED JUNE 5, 2012

Before EASTERBROOK, *Chief Judge*, and FLAUM and
WILLIAMS, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. In 2006 police seized six
unregistered guns from John Justice's business. He sued
and lost. *Justice v. Cicero*, 577 F.3d 768 (7th Cir. 2009). In
2010 Justice filed another suit based on the same
events, and he lost again. *Justice v. Cicero*, 2011 U.S. Dist.
LEXIS 123187 (N.D. Ill. Oct. 25, 2011).

Justice asked the district court to reconsider its decision under Fed. R. Civ. P. 59(e). A motion under this rule must be filed within 28 days of the district court's decision. That time cannot be extended. Fed. R. Civ. P. 6(b)(2). Justice had until November 22, 2011, to file his motion.

The Northern District of Illinois accepts electronic filing. Justice filed his motion at 3 AM (Central Standard Time) on November 23. A few days later he asked the district judge to deem the motion to have been filed on November 22. The judge stated in open court: "The motion for leave to file *nunc pro tunc* is granted." The judge did not say why. The judge then denied the motion on the merits, stating that it was just a rehash of arguments already made and rejected. Justice has filed a notice of appeal and asks us to review the district court's decision of October 25. This notice is timely if he filed a timely Rule 59 motion, see Fed. R. App. P. 4(a)(4), but otherwise is untimely (with respect to the October 25 judgment)—and jurisdictionally so. See *Bowles v. Russell*, 551 U.S. 205 (2007); *Blue v. Electrical Workers*, 676 F.3d 579 (7th Cir. 2012). We directed the litigants to address the problem and have received two rounds of jurisdictional memoranda.

*Nunc pro tunc*, a Latin phrase, means "now for then." A judge has the power to change records so that they show what actually happened. Thus if Justice had filed his motion on November 22, and the clerk's office had errone- ously treated it as filed on November 23, the judge could correct the records to show the right date. See *Royall v.*

*National Association of Letter Carriers*, 548 F.3d 137, 138–39 (D.C. Cir. 2008). But that's not what occurred here. The judge changed the records to show that the motion had been filed a day before its arrival. That is an improper use of the *nunc pro tunc* procedure—a point this court has made repeatedly. See, e.g., *Kusay v. United States*, 62 F.3d 192 (7th Cir. 1995); *In re IFC Credit Corp.*, 663 F.3d 315, 317–18 (7th Cir. 2011) (*Nunc pro tunc* "is not a substitute for relation back. It can't be used to revise history, but only to correct inaccurate records. *Central Laborers' Pension, Welfare & Annuity Funds v. Griffee*, 198 F.3d 642, 644 (7th Cir. 1999); *King v. Ionization Int'l, Inc.*, 825 F.2d 1180, 1188 (7th Cir. 1987); *United States v. Suarez-Perez*, 484 F.3d 537, 541 (8th Cir. 2007)."). A judge who lacks the authority to grant an extension of time, see Rule 6(b)(2), can't achieve the same end by calling the extension a "*nunc pro tunc* order" and backdating a document.

Justice's appeal allows a challenge to the October 25 order only if the 3 AM filing was timely without aid from the district judge's order. Yet it does not take a reference to *Cinderella* to show that midnight marks the end of one day and the start of another. Electronic filing systems do extend the number of hours available for filing. Instead of having until the clerk's office closes, litigants have until 11:59 PM. But e-filing does not increase the number of *days* available for filing. A document entered into the electronic system at 12:01 AM on a Thursday has been filed on Thursday, not on "virtual Wednesday." Rule 6(a)(4)(A) is explicit on this point. It says that the last day allowed for filing ends "for electronic filing, at midnight in the court's time

zone". Just as courts lack the power to grant extensions of time under Rule 6(b)(2), so the judiciary lacks the power to say that one day ends at 4 AM or 9 AM of the next day when an e-filing system is used.

Computers can crash, and a court's e-filing software can have bugs. If Justice had tried to file at 11 PM on November 22, only to discover that the system would not accept his document, then he could take advantage of Rule 6(a)(3), which extends the time when the clerk's office is inaccessible. What's more, we held in *Farzana K. v. Indiana Department of Education*, 473 F.3d 703, 706–08 (7th Cir. 2007), that a document tendered to an e-filing system is deemed filed on the day of the tender, even if a programmer's failure to anticipate all possible combinations of circumstances leads the system to reject the filing. See also *Vince v. Rock County*, 604 F.3d 391 (7th Cir. 2010). Just as a document deposited physically in a clerk's office is filed on that date even if mishandled by the clerk, so a document transmitted electronically to the court is filed on the date of transmission no matter what the e-filing system does in response. See *Farzana K.*, *Vince*, and *Royall*. But Justice did not transmit his Rule 59 motion on November 22, only to have the court's software balk; he transmitted it on November 23 and must live with the consequences.

Courts used to say that a single day's delay can cost a litigant valuable rights. See, e.g., *Johnson v. McBride*, 381 F.3d 587 (7th Cir. 2004). With e-filing, one hour's or even a minute's delay can cost a litigant valuable rights. A prudent litigant or lawyer must allow time for difficulties

on the filer's end. A crash of the lawyer's computer, or a power outage at 11:50 PM, does not extend the deadline, even though unavailability of the court's computer can do so under Rule 6(a)(3).

Appellees contend that the 3 AM motion was a "nullity" and ask us to dismiss the appeal. That's not quite right, however. The motion did not extend the time for appeal of the October 25 decision, because Fed. R. App. P. 4(a)(4) comes into play only when a Rule 59 motion is timely. But an untimely Rule 59 motion is treated as a motion under Rule 60(b), see *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 762 (7th Cir. 2001); *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994), and the denial of a Rule 60 motion is appealable separate from the decision on the merits. Justice's notice of appeal is effective, but only with respect to the denial of relief under Rule 60.

The Supreme Court held in *Gonzalez v. Crosby*, 545 U.S. 524, 534–38 (2005), that Rule 60(b)(6)—the sole subsection even arguably applicable to Justice's motion—permits a judgment to be reopened only in extraordinary circumstances. Justice did not argue in the district court that anything extraordinary occurred between October 25 and November 23 that could support relief under Rule 60(b). Moreover, when a district court denies relief under Rule 60(b), appellate review is deferential. *Metlyn Realty Corp. v. Esmark, Inc.*, 763 F.2d 826 (7th Cir. 1985).

Because the memoranda exchanged so far concern only jurisdiction, it would be premature to decide whether Justice has satisfied the standard for relief

under Rule 60(b). But the prospect of his prevailing is sufficiently dim that we direct him to show cause within 14 days why the judgment should not be affirmed summarily, given the high standards of *Gonzalez* and *Metlyn*. Appellees need not reply to Justice's memorandum unless the court calls for a response.

The appeal is limited to the district court's order declining to reopen the litigation. Justice has 14 days to show cause why that decision should not be affirmed summarily.