# United States Tax Court

160 T.C. No. 10

ROY A. NUTT AND BONNIE W. NUTT,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 15959-22.                                        Filed May 2, 2023.

————

Ps electronically filed a Petition with this Court at 12:05 a.m. on the morning after it was due. The United States Tax Court is in the eastern time zone. Ps, however, reside in and electronically filed their Petition from the central time zone where it was 11:05 p.m. on the due date.

*Held*: A document that is electronically filed with the Court is filed when it is received by the Court as determined in reference to where the Court is located.

*Held, further*, because Ps electronically filed their Petition after the due date in the eastern time zone, the Petition was untimely, and we must dismiss this case for lack of jurisdiction.

————

Roy A. Nutt and Bonnie W. Nutt, pro sese.

*Donielle A. Holmon*, for respondent.

## OPINION

BUCH, *Judge*: The Commissioner mailed a notice of deficiency to Roy and Bonnie Nutt, and the deadline to file a petition to seek redetermination of the deficiency was stated to be July 18, 2022. The Nutts electronically filed their Petition at 12:05 a.m. on July 19, 2022. But they filed their Petition from Alabama, where it was 11:05 p.m. on July 18, 2022.

A timely filed petition is a prerequisite to our jurisdiction in a deficiency case. "Filing" ordinarily occurs when a petition is received by the Tax Court in Washington, D.C., which is in the eastern time zone. An electronic petition is timely if it is filed by 11:59 p.m. eastern time on the last day for filing. Because the Nutts' Petition was filed after the last day for filing had ended in the eastern time zone, we must dismiss this case for lack of jurisdiction.

### *Background*

The Commissioner mailed a notice of deficiency to the Nutts on April 14, 2022, determining an income tax deficiency and an accuracy-related penalty for 2019. Notwithstanding the actual mailing date, the notice was dated April 18, 2022, and the notice stated that the last day to file a petition with this Court was July 18, 2022. That date was a Monday and was not a legal holiday in the District of Columbia. The notice stated that the Nutts could "get a petition form and the rules for filing from the Tax Court's website at www.ustaxcourt.gov, or by contacting the Office of the Clerk at . . . 400 Second Street, NW, Washington, DC 20217." The Commissioner also sent a letter dated June 7, 2022, to the Nutts in which he reduced the amount of the deficiency and reminded the Nutts of the July 18, 2022, deadline to file a petition in the Tax Court.

While residing in Alabama, the Nutts electronically filed their Petition. At the time of filing, the Court's electronic case management system (DAWSON) automatically applied a cover sheet to their Petition. The cover sheet shows that the Court electronically received the Petition at 12:05 a.m. eastern time on July 19, 2022, and filed it the same day. When the Court received the Petition, it was 11:05 p.m. central time on July 18, 2022, in Alabama.

The Commissioner filed a Motion to Dismiss for Lack of Jurisdiction on September 1, 2022. The Commissioner contends that the Court lacks jurisdiction because the Nutts' Petition was not filed within

the time prescribed by section 6213(a).[1] We ordered the Nutts to file an objection, if any, to the Commissioner's Motion to Dismiss for Lack of Jurisdiction. The Nutts did not respond.

*Discussion*

Like other federal courts, we are a Court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. I.R.C. § 7442; *Guralnik v. Commissioner*, 146 T.C. 230, 235 (2016); *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985). Our jurisdiction in deficiency cases is predicated on a valid notice of deficiency and a timely petition. I.R.C. §§ 6213, 7442; Rules 13, 20; *Dees v. Commissioner*, 148 T.C. 1, 3–4 (2017). Under section 6213(a), a petition must be filed within 90 days after the notice of deficiency is mailed. If the notice of deficiency specifies a last day for filing a petition that is later than the 90th day, then the deadline by which to file a petition is extended to the date specified. I.R.C. § 6213(a); *Rochelle v. Commissioner*, 116 T.C. 356 (2001), *aff'd*, 293 F.3d 740 (5th Cir. 2002). If the last day falls on a Saturday, Sunday, or legal holiday in the District of Columbia, the deadline is extended to the next day that is not a Saturday, Sunday, or legal holiday. I.R.C. § 7503.

The Nutts' last day to file their Petition was Monday, July 18, 2022. Although the notice of deficiency was actually mailed on April 14, 2022, the notice stated that the last date to file a petition was July 18, 2022, and section 6213(a) allows the Nutts to rely on the date stated in the notice.

A petition is ordinarily "filed" when it is received by the Tax Court in Washington, D.C. *See, e.g.*, *Leventis v. Commissioner*, 49 T.C. 353, 354 (1968) ("[A] petition, in order to be timely filed, must be received by the Court in Washington, D.C., on or before the 90th day."). Although the Court may sit at any place within the United States, its principal office, its mailing address, and its Clerk's office are in the District of Columbia. I.R.C. § 7445; Rule 10. As a result, documents such as petitions are often mailed to the Court for filing. And unless the timely mailing rule of section 7502 applies, a document is not considered to be filed until it is received. *See Guralnik*, 146 T.C. at 240, 242; *Eichelburg v. Commissioner*, T.C. Memo. 2013-269, at *6–8.

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The timely mailing rule does not apply to an electronically filed petition. Under section 7502(a), a document that is mailed before it is due but received after it is due is deemed to have been received when mailed. But that rule applies only to documents that are delivered by U.S. mail or a designated delivery service. I.R.C. § 7502(a)(1), (f). Because an electronically filed petition is not delivered by U.S. mail or a designated delivery service, the exception of section 7502 does not apply. Where section 7502 does not apply, "we must look to the date the 'petition' was actually received and filed by the Court to determine whether it was timely filed." *Cassell v. Commissioner*, 72 T.C. 313, 319 (1979).

The Tax Court Rules are consistent with this statutory framework. Rule 22(a) provides that a paper "must be filed with the Clerk in Washington, D.C., during business hours" unless it is electronically filed. As for electronic filings, Rule 22(d) provides that a "paper will be considered timely filed if it is electronically filed at or before 11:59 p.m., eastern time, on the last day of the applicable period for filing."

The Court's website also instructs petitioners how to electronically file a petition through DAWSON in accordance with this Rule. *See* United States Tax Court, *How to eFile a Petition*, https://ustaxcourt.gov/efile_a_petition.html (last visited Mar. 30, 2023). The first instruction states:

> Check the Deadline for Filing
>
> You may have received a notice in the mail from the Internal Revenue Service (IRS). **The Court must receive your electronically filed Petition no later than 11:59 pm Eastern Time on the last date to file.** Petitions received after this date may be dismissed for lack of jurisdiction.

*Id.*

The Tax Court Rules in this regard are consistent with other federal rules and caselaw. For example, Rule 6(a)(4) of the Federal Rules of Civil Procedure provides that the last day of a period for electronic filing ends "at midnight in the *court's time zone.*" (Emphasis added.) Interpreting Federal Rule 6(a), the U.S. Court of Appeals for the Seventh Circuit observed that electronic filing systems have the effect of extending the number of hours available for filing—from when the

Clerk's office closes until 11:59 p.m. in the court's time zone—but not the number of days. *Justice v. Town of Cicero, Ill.*, 682 F.3d 662, 664 (7th Cir. 2012). As with Federal Rule 6(a), Rule 22(d) is consistent with the idea that the Court's electronic filing system serves as "a substitute for the clerk of the court." *Royall v. Nat'l Ass'n of Letter Carriers, AFL-CIO*, 548 F.3d 137, 142 (D.C. Cir. 2008). The electronic filing system stands in the Clerk's place; it follows that if the "last day" has ended where the Clerk's office is standing, the last day for electronic filing has ended as well.

The U.S. District Court for the Southern District of Indiana considered an issue similar to the one before us. *See McCleskey v. CWG Plastering, LLC*, No. 1:15-cv-01284, 2020 WL 9601835 (S.D. Ind. Nov. 2, 2020). In *McCleskey*, the court entered a judgment on June 5, 2020, holding CWG Plastering, LLC (CWG), liable to a fund for which McCleskey was the trustee. A motion for a new trial or for relief from the judgment was due to be filed "no later than 28 days after the entry of judgment." *Id.*, 2020 WL 9601835, at *1 (citing Fed. R. Civ. P. 59(b)). Twenty-eight days from June 5, 2020, was July 3, 2020. CWG filed its motion for new trial at 12:46 a.m. eastern time on July 4, 2020, in Indianapolis, Indiana, which was 11:46 p.m. central time on July 3, 2020, in Evansville, Indiana. *Id.* These locations are important because the case was pending in Indianapolis, which is in the eastern time zone, but it had been tried in Evansville, which is in the central time zone.[2] *Id.* at *1 & n.1. CWG argued that the motion was timely because it was filed on July 3, 2020, in the time zone where the case was tried. *Id.* at *1. The court disagreed. *Id.* Citing a local rule that a "document due on a particular day must be filed before midnight local time *of the division where the case is pending*," the court held that the motion was untimely because it was due no later than 11:59 p.m. eastern time on July 3, 2020. *Id.* (citing *Justice*, 682 F.3d at 664). Similar to that local rule, Rule 22(d) dictates that the "last day" of a period for electronic filing ends at 11:59 p.m. eastern time, the Tax Court's local time zone.

The Nutts' Petition was untimely because it was filed in Washington, D.C., after the last day for filing prescribed by section 6213(a). The period within which to file a petition cannot be extended by the Court, and we must dismiss a case for lack of jurisdiction if the petition is not filed within the prescribed time. Rule 25(b)(2)(C); *Hallmark Rsch. Collective v. Commissioner*, No. 21284-21, 159 T.C., slip

---

[2] *See* Standard Time Zone Boundary in the State of Indiana, 71 Fed. Reg. 3228 (Jan. 20, 2006).

op. at 42 (Nov. 29, 2022); *Blum v. Commissioner*, 86 T.C. 1128, 1131 (1986). If we were to hold that the Nutts' electronically filed Petition was timely because it was still the last day to file in Alabama, even though the last day had ended in the District of Columbia, we would impermissibly be extending the number of days available for filing. *See Justice*, 682 F.3d at 664; *McCleskey*, 2020 WL 9601835, at *1. Accordingly, we must dismiss this case for lack of jurisdiction.

*An order for dismissal for lack of jurisdiction will be entered.*