# United States Tax Court

160 T.C. No. 16

ANTAWN JAMAL SANDERS,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 25868-22.                         Filed June 20, 2023.

————

P electronically filed a Petition through the Court's electronic filing system (DAWSON) at 12:00:11 a.m. on the morning after it was due. P alleges that he encountered problems when electronically filing his Petition and that those problems caused the Petition to be untimely.

*Held*: DAWSON is a "filing location" for purposes of I.R.C. § 7451.

*Held, further*, because DAWSON was not inaccessible or otherwise unavailable to the general public on P's last day to file, and P filed his Petition after the due date, we must dismiss this case as untimely.

————

Antawn Jamal Sanders, pro se.[1]

*Clifford E. Howie* and *Tammie A. Geier*, for respondent.

---

[1] Brief amicus curiae was filed by *Audrey A. Patten* as attorney for the Center for Taxpayer Rights.

## OPINION

BUCH, *Judge*: The Commissioner mailed a notice of deficiency to Antawn Jamal Sanders, and the deadline to file a petition to seek redetermination of the deficiency was December 12, 2022. Mr. Sanders electronically filed his Petition 11 seconds after midnight on December 13, 2022.

A timely filed petition is a prerequisite to our jurisdiction in a deficiency case. An electronically filed petition is timely if it is filed by 11:59 p.m. eastern time on the last day for filing. But if the Court's electronic filing system is inaccessible on the last day, the period for filing is extended. Because the Court's electronic filing system was accessible on Mr. Sanders's last day for filing, and he filed his Petition after the last day had ended, we must dismiss this case for lack of jurisdiction.

*Background*

The Commissioner mailed a notice of deficiency to Mr. Sanders on September 8, 2022. Notwithstanding the actual mailing date, the notice was dated September 12, 2022, and stated that the last day to file a petition with this Court was December 12, 2022.

Mr. Sanders prepared to file his Petition electronically. Before December 12, 2022, Mr. Sanders set up an account to electronically file a petition through DAWSON, the Court's electronic filing system. On the evening of December 12, 2022, Mr. Sanders began the process of electronically filing his Petition. At 9:59 p.m. EDT, he downloaded the necessary PDF forms to his Android mobile phone, but he was unable to fill out the forms on his phone.

Shortly after 11 p.m. on December 12, 2022, Mr. Sanders tried to file his Petition from his phone. At 23:03:07.442 (11:03 p.m.), he logged into DAWSON.[2] At 23:42:53.728 (11:42 p.m.), he logged in again. Between 11:03 p.m., when Mr. Sanders first logged in, and 11:44 p.m., when he was logged out from his Android device for the rest of the evening, he states that he attempted to upload documents, but

___

[2] By Order dated March 21, 2023, the Court provided the parties with records showing DAWSON activity through Mr. Sanders's account, DAWSON activity from Mr. Sanders's Internet protocol address, and DAWSON activity near the time Mr. Sanders filed his Petition. The Court stated its intent to take judicial notice of those records, and neither party objected.

DAWSON "would not even allow [him] to click the button to upload the documents from [his] android device even after several times of login in and logging out."

After trying to file the Petition from his phone, Mr. Sanders was "finally able to switch" to his Windows computer shortly before midnight. He was slowed down by "having to send the filled out forms" from his phone to his email to be downloaded to his computer.[3] At 23:56:15.888 (11:56 p.m.), Mr. Sanders unsuccessfully attempted to log in to DAWSON on his computer. However, within one second, another Windows user successfully logged into DAWSON. Likewise at 23:57:21.379 (11:57 p.m.), Mr. Sanders successfully logged in as well. After he logged in and started the filing process, Mr. Sanders was slowed down by having "to do 3 other steps" before he could actually file his Petition.[4] Additionally, he had to refer to the instructions several times. Throughout this process and at all relevant times, DAWSON remained fully operational.[5]

While residing in North Carolina, Mr. Sanders filed the Petition from his computer after midnight on December 13, 2022. At 00:00:09.493, he began the upload of the Petition, and at 00:00:11.693 (i.e., 11 seconds after midnight), it was filed. At the time of filing, DAWSON automatically applied a cover sheet to the Petition that states that the Petition was electronically filed and received at "12/13/22 12:00 am."

The Commissioner filed a Motion to Dismiss for Lack of Jurisdiction on January 25, 2023. The Commissioner argues that Mr. Sanders's case must be dismissed because his Petition was not timely filed. The Commissioner contends that the period for timely filing ended

---

[3] This statement is inconsistent with Mr. Sanders's statement that he could not fill out the forms on his phone. But because neither statement is material to the outcome, we will accept both of these conflicting statements as true.

[4] Electronically filing a petition is a multistep process. A taxpayer must log in to DAWSON, select documents to be uploaded, enter biographical information, and make various selections such as case type and place of trial, before uploading and submitting the petition. *See* United States Tax Court, *Self-Represented (Pro Se) User Guide DAWSON Case Management System* 12–19 (Apr. 2023), https://ustaxcourt.gov/resources/dawson/DAWSON_Petitioner_Training_Guide.pdf.

[5] The Court maintains a log of any DAWSON outages, and that log is publicly available at United States Tax Court, https://status.ustaxcourt.gov/uptime/726t4kw06kfh (last visited May 16, 2023). The log identifies both full and partial outages and describes the nature and duration of any outages.

at 11:59 p.m. on Monday, December 12, 2022. The Commissioner further contends that because Mr. Sanders initiated upload of the Petition after 12 a.m. on December 13, 2022, the Petition was not in the Court's possession and cannot be considered to have been filed until after the deadline. Additionally, the Commissioner contends that DAWSON logs show that DAWSON was accessible throughout the day on December 12, 2022, such that DAWSON, "as a filing location, cannot be considered as having been inaccessible or unavailable to the general public for purposes of section 7451(b)."[6]

Mr. Sanders filed an Objection to the Commissioner's Motion to Dismiss for Lack of Jurisdiction on February 21, 2023. He states as follows:

> I object to this motion due to the fact that I logged in and uploaded documents on time. On December 12, 2022 I attempted several times to upload documents well before midnight. Finally I was able to get it uploaded and it literally did not finish the upload until exactly 12a.
>
> I am sure it can be proven that the system had errors and that my upload was loading before cut off time.

The Court invited briefs from amici curiae. The Center for Taxpayer Rights, represented by the Tax Clinic at the Legal Services Center of Harvard Law School, submitted an amicus brief. The amicus principally offers two arguments. First, the amicus argues that Mr. Sanders's Petition should be treated as filed at the time that he relinquished control of it. In making this argument, the amicus urges the Court to adopt a position akin to the timely mailing rule of section 7502. Although the amicus does not ask the Court to apply equitable tolling, it urges the Court to view the timeliness of an electronically filed petition "through the lens of equitable tolling."

---

[6] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

*Discussion*

I.   *A Petition Must Be Timely Filed.*

Like other federal courts, we are a Court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. I.R.C. § 7442; *Guralnik v. Commissioner*, 146 T.C. 230, 235 (2016); *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985). Our jurisdiction in deficiency cases is predicated on a valid notice of deficiency and a timely petition. I.R.C. §§ 6213, 7442; Rules 13, 20; *Dees v. Commissioner*, 148 T.C. 1, 3–4 (2017). The Court cannot extend the deadline for filing a petition, and we must dismiss a case for lack of jurisdiction if the petition is not filed within the statutorily prescribed time. *Hallmark Rsch. Collective v. Commissioner*, No. 21284-21, 159 T.C., slip op. at 42 (Nov. 29, 2022); *Blum v. Commissioner*, 86 T.C. 1128, 1131 (1986).

Section 6213(a) prescribes the time for filing a petition in deficiency cases. Under section 6213(a), a petition must be filed within 90 days after the notice of deficiency is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day). *See* I.R.C. § 7503. If the notice of deficiency specifies a last day for filing that is later than the 90th day, then the deadline by which to file a petition is extended to the date specified. I.R.C. § 6213(a); *Rochelle v. Commissioner*, 116 T.C. 356 (2001), *aff'd*, 293 F.3d 740 (5th Cir. 2002).

A.   *A Petition Is Generally Filed when Received.*

A petition is ordinarily considered to have been filed when it is received by the Tax Court. *See, e.g.*, *Leventis v. Commissioner*, 49 T.C. 353, 354 (1968). Under Rule 22(d), an electronically filed petition "will be considered timely filed if it is electronically filed at or before 11:59 p.m., eastern time, on the last day of the applicable period for filing." Because electronic filing is not limited to the Court's business hours, electronic filing systems may extend the number of hours available for filing, but not the number of days. *State Bank of S. Utah v. Beal (In re Beal)*, No. 21-4124, 2022 WL 17661140, at *2 (10th Cir. Dec. 14, 2022), *aff'g State Bank of S. Utah v. Beal*, 633 B.R. 398 (D. Utah 2021), *aff'g State Bank of S. Utah v. Beal (In re Beal)*, 616 B.R. 140 (Bankr. D. Utah 2020); *Justice v. Town of Cicero, Ill.*, 682 F.3d 662, 664 (7th Cir. 2012); *Nutt v. Commissioner*, No. 15959-22, 160 T.C., slip op. at 4–5 (May 2, 2023); *see* Rule 22(a).

Electronic filing is not accomplished merely by logging into the system or beginning the filing process. *See In re Sands*, 328 B.R. 614,

619 (Bankr. N.D.N.Y. 2005). In *In re Sands*, 328 B.R. at 617–18, the bankruptcy court addressed the issue of precisely when an electronic filing occurs. In that case, a debtor's attorney began the process of electronically filing a petition shortly before it was due but did not upload the petition until minutes after the deadline. *Id.* at 615–16. The debtor contended that commencing the electronic filing process is equivalent to "physically handing" the clerk a petition. *Id.* at 616. The court disagreed, holding that an electronic petition is placed in the clerk's possession, and is thus "filed," when the "server receives the transmission." *Id.* at 619. Likewise in *Nutt*, 160 T.C., slip op. at 3, we held that an electronically filed petition is filed with this Court at the time it is received.

Mr. Sanders's Petition was not received within the time prescribed by section 6213(a). Notwithstanding that the notice of deficiency was mailed on September 8, 2022, Mr. Sanders's last day to file his petition was Monday, December 12, 2022, because section 6213(a) allows him to rely on the last day for filing that was specified in the notice. Although he logged into DAWSON on December 12, 2022, Mr. Sanders did not file his Petition until the next day. He initiated the upload of the Petition 9 seconds after midnight on December 13, 2022, and his Petition was received and filed at 11 seconds after midnight. Because the Petition was not received by the Court until 11 seconds after midnight, it was not timely under section 6213(a).

B. *The Timely Mailing Rule Does Not Apply to Electronically Filed Petitions.*

The timely mailing rule is an exception to the general rule that documents are filed when received. Under that rule, a document that is properly mailed before the due date but received after the due date is deemed to have been filed on the date it was postmarked. I.R.C. § 7502(a). The amicus urges that we find Mr. Sanders's Petition timely because he relinquished control over his Petition before the filing deadline, a position that is analogous to the timely mailing rule of section 7502. But we have previously held that the timely mailing rule does not apply to an electronically filed petition. *Nutt*, 160 T.C., slip op. at 4.[7]

---

[7] The Court issued its opinion in *Nutt* after the amicus mailed its brief to the Court in this case.

Although section 7502 also contains a provision relating to electronic filing, that provision does not apply to the electronic filing of Tax Court petitions. When applicable, section 7502 relies on a postmark or similar recorded date as evidence of mailing. I.R.C. § 7502(a)(1), (f)(2)(C). Section 7502(c)(2) authorizes the Secretary to provide regulations to apply this postmark rule to electronic filing. The Secretary adopted regulations providing that an electronically filed document is considered filed when the recipient "receives the transmission of a taxpayer's electronically filed document on its host system." Treas. Reg. § 301.7502-1(d)(3)(ii).

But the regulations are inapplicable to the filing of a Tax Court petition. The Secretary's regulations require the use of an authorized electronic return transmitter. *Id.* subdiv. (i). None is involved in the filing of a Tax Court petition.

Mr. Sanders's Petition would be untimely even if we applied these regulations or the amicus's "relinquished control" argument. The regulations would deem an electronically filed document to be filed when the electronic record shows it was received. The electronic record shows that Mr. Sanders's Petition was received 11 seconds after midnight; thus it would be untimely under the regulations that apply in the case of an electronic return transmitter. And the Petition is untimely under the amicus's relinquished control argument. Mr. Sanders did not relinquish control of his Petition until he initiated the upload 9 seconds after midnight. In short, the narrow exceptions that might deem a petition to be filed before the Court receives it are both legally and factually inapplicable to this case.

II.   *An Otherwise Untimely Petition May Be Timely if the Clerk's Office or a Filing Location Is Inaccessible.*

In circumstances where the Clerk's office or a filing location is inaccessible or otherwise unavailable to the general public, a taxpayer may have additional time to file a petition. *See* I.R.C. § 7451(b); *Guralnik*, 146 T.C. at 247. Mr. Sanders alleges that DAWSON system errors prevented him from filing his Petition at or before 11:59 p.m. on December 12, 2022. However, the Commissioner contends that DAWSON, as a filing location, was not inaccessible or otherwise unavailable to the general public on December 12, 2022.

A.   *The Tax Court Previously Held that Rule 6(a) of the Federal Rules of Civil Procedure Applies if the Clerk's Office Is Inaccessible.*

In *Guralnik*, we held that if the Tax Court Clerk's office is inaccessible on the last day for filing a petition, then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday. *Guralnik*, 146 T.C. at 232–33 (applying Fed. R. Civ. P. 6(a)). In that case, the Tax Court was closed because of a winter storm on the taxpayer's last day to file a petition. *Id.* The taxpayer mailed his petition, but the closure prevented the petition from being delivered on the due date. It was delivered the following day when the Court reopened. *Id.* at 233–34. We found that although Mr. Guralnik mailed his petition to the Court, he could not take advantage of section 7502 (the "timely mailing rule") because he did not use the U.S. Postal Service or a designated delivery service. *Guralnik*, 146 T.C. at 242; *see* I.R.C. § 7502. But by applying the principles of Rule 6(a) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.), we concluded that the Clerk's office was inaccessible because of the snow day closure and held that the petition was timely. *Guralnik*, 146 T.C. at 232–33.

B.   *Section 7451(b) Codifies* Guralnik *and Extends It to Electronic Filing.*

Although the timely mailing rule does not apply to electronically filed petitions, Congress created a remedy for situations where a snow day (as in *Guralnik*), a lapse in appropriations, or an electronic filing system outage might interfere with timely filing a petition. *See* I.R.C. § 7451(b).

In late 2020, the Tax Court established an online portal for filing petitions. The Tax Court made Congress aware of the development of its new case management system in budget reports submitted in February 2020 and April 2021 for fiscal years 2021 and 2022, respectively.[8] The former report stated that the Court was developing "a new electronic filing and case management system" that would "provide operational efficiencies and a user-friendly application for taxpayers and other

---

[8] United States Tax Court, *Congressional Budget Justification Fiscal Year 2021*, at 15 (Feb. 10, 2020), https://ustaxcourt.gov/resources/budget_justification/FY_2021_Congressional_Budget_Justification.pdf; United States Tax Court, *Congressional Budget Justification Fiscal Year 2022*, at 17 (Apr. 5, 2021), https://ustaxcourt.gov/resources/budget_justification/FY_2022_Congressional_Budget_Justification.pdf.

external users." *Congressional Budget Justification Fiscal Year 2021*, at 15. The Court anticipated deploying that system in fiscal year 2020, *id.* at 14, and the latter report informed Congress that DAWSON has been deployed:

> [O]n December 28, 2020, the Court successfully launched DAWSON . . . providing base functionality for the Court and parties to file and manage cases. DAWSON is an open-source, web-based, and mobile-friendly application with the ability to electronically file a petition to start a new case, functionality not previously available. These features make the Court more accessible for taxpayers and practitioners.

*Congressional Budget Justification Fiscal Year 2022*, at 17. Notably, the Court expressly highlighted that electronic filing of petitions was a "functionality not previously available."

Within a year after the Tax Court deployed DAWSON, Congress enacted section 7451(b), which provides a special rule for tolling the period for filing a petition. *See* Infrastructure Investment and Jobs Act, Pub. L. No. 117-58, § 80503, 135 Stat. 429, 1336 (2021). Section 7451(b)(1) provides:

> Notwithstanding any other provision of this title, in any case (including by reason of a lapse in appropriations) in which a filing location is inaccessible or otherwise unavailable to the general public on the date a petition is due, the relevant time period for filing such petition shall be tolled for the number of days within the period of inaccessibility plus an additional 14 days.

Section 7451(b)(2) defines "filing location" as "(A) the office of the clerk of the Tax Court, or (B) any on-line portal made available by the Tax Court for electronic filing of petitions." DAWSON is a "filing location" because it is an online portal the Tax Court has made available for the electronic filing of petitions. *See* I.R.C. § 7451(b)(2)(B). Thus, the newly enacted statute applies to situations of physical inaccessibility (such as the snow day in *Guralnik*) and electronic inaccessibility of a system such as DAWSON.

The parties disagree about whether DAWSON was inaccessible or otherwise unavailable to the general public on the last day for Mr. Sanders to file a petition. The statute does not define "inaccessible or

otherwise unavailable to the general public," but we can look to other courts and court rules to help us define that phrase. In the context of Fed. R. Civ. P. 6(a)(3) and Rule 9006(a)(3) of the Federal Rules of Bankruptcy Procedure (Fed. R. Bankr. P.), "inaccessibility" traditionally refers to physical inaccessibility—that is, a courthouse closure caused by "weather or other conditions." *In re Beal*, 616 B.R. at 153; s*ee Guralnik*, 146 T.C. at 245, 249. "The definition of inaccessibility broadened with the advent of electronic filing." *In re Beal*, 616 B.R. at 153. Thus, in the 2009 amendments to Fed. R. Civ. P. 6(a)(3) and Fed. R. Bankr. P. 9006(a)(3), "[t]he reference to 'weather' was deleted from the text to underscore that inaccessibility can occur for reasons unrelated to weather, such as an outage of the electronic filing system." Fed. R. Bankr. P. 9006 advisory committee's note to 2009 amendment; Fed. R. Civ. P. 6 advisory committee's note to 2009 amendment; *see In re Beal*, 616 B.R. at 154.

Although inaccessibility can include an outage of an electronic filing system, federal courts have consistently held that inaccessibility does not include user error or technical difficulties on the user's side. *See, e.g.*, *In re Beal*, 616 B.R. 140. In *In re Beal*, 616 B.R. at 143, 147, a bank's attorney logged onto the electronic filing system at 11:40 p.m. on the last day to file a complaint and filed the complaint 16 minutes after midnight (i.e., the following day). The bank, relying on the attorney's testimony about perceived malfunctions with the electronic filing system, argued that the complaint would have been timely but for those malfunctions. *Id.* at 142, 150. But the attorney's testimony was inconsistent and sometimes unsupported, and court records showed that the filing system was operational. *Id.* at 150–51, 155. For example, the attorney logged in, experienced no technical difficulties until multiple steps into the process, received error messages the system was designed to produce, and filed a complaint about 36 minutes after logging into the system. *Id.* at 143–44, 147, 151, 155. The district court explained that the bankruptcy court found it "very unlikely for the system to be rapidly toggling between short periods of functionality and error" and concluded that any errors that occurred were on the user's side. *Beal*, 633 B.R. at 405. The bankruptcy court held that the electronic filing system was accessible, and the district court and the U.S. Court of Appeals for the Tenth Circuit affirmed. *In re Beal*, 616 B.R. at 155; *Beal*, 633 B.R. at 409–10; *In re Beal*, 2022 WL 17661140, at *5.

To determine whether section 7451 applies, we must distinguish between the availability of the Court's system and user-specific issues. This approach is consistent whether looking to electronic or physical

inaccessibility. For example, in *In re Sizemore*, 341 B.R. 658, 660 (Bankr. N.D. Ind. 2006), an attorney who filed an untimely petition on behalf of a debtor asked the bankruptcy court to deem the petition to have been timely filed. The attorney was unable to timely file because of problems with his own software. *Id.* at 659. Looking to Fed. R. Civ. P. 6(a) and Fed. R. Bankr. P. 9006(a), the court acknowledged that filing deadlines may be suspended if a weather-related court closure or other local conditions render the clerk's office physically inaccessible. *In re Sizemore*, 341 B.R. at 660. But the court found no authority that would deem the clerk's office to be inaccessible to an individual filer who was unable to timely file for reasons that were unique to that individual filer. *Id.*; *see also In re Bicoastal Corp.*, 136 B.R. 288, 289 (Bankr. M.D. Fla. 1990) (finding inclement weather in another part of the country that caused a delay in the delivery of documents did not render the clerk's office, which was open, inaccessible). The bankruptcy court analogized problems that are unique to a user to a situation where a person gets stuck in traffic on the way to filing a document with the court. *In re Sizemore*, 341 B.R. at 660.

In the context of electronic filing, user problems, such as entering an incorrect password, a Wi-Fi outage, or problems with the user's device, are analogous to traffic jams or car problems that occur on the way to an open courthouse; they do not render the system inaccessible or otherwise unavailable to the general public. Although traffic jams and Wi-Fi outages involve different complications, the underlying principle is the same: inaccessibility does not encompass problems that are unique to an individual. *Id.* Similarly, for purposes of section 7451, a DAWSON outage that affects the public's ability to file petitions renders DAWSON inaccessible or otherwise unavailable to the general public, whereas problems that an individual filer experiences while DAWSON is operational do not.

The difficulties Mr. Sanders experienced confirm that DAWSON was accessible and available to the general public. His inability to fill out PDF forms on his phone is irrelevant because the forms are completed separately and are not part of DAWSON's filing portal. *See* United States Tax Court, *How to e-File a Petition*, https:// ustaxcourt.gov/resources/dawson/how_to_efile_a_petition.pdf (last visited Apr. 19, 2023).[9] And although a taxpayer must complete multiple

---

[9] These instructions state: "Before You Electronically File a Petition[:] There are two documents that must be completed and submitted when you create a case with

steps to file a petition, these are realities of filing whether filing electronically, by mail, or in person. *See also In re Beal*, 616 B.R. at 154 n.74, 155 (finding that inaccessibility does not include "a lack of familiarity with [the electronic filing system] that causes a filer to make missteps in the filing process or simply to progress through it more slowly than anticipated"); *In re Sands*, 328 B.R. at 619.[10] Finally, Mr. Sanders's failed login at 11:56 p.m., which occurred between successful logins, does not show a problem with DAWSON. It shows a failed attempt by the user to log into an operational system.

The Court's own records show the system was operational at all relevant times. The Court's website allows users to view DAWSON's system status. *See* United States Tax Court, https://status.ustaxcourt.gov/. The system recorded no downtime on December 12, 2022. *See id.* And DAWSON logs show that Mr. Sanders logged in multiple times in the final hour of the day. The logs also show that his failed login at 11:56:15 p.m. was followed by successful logins by another Windows user within one second of his failed attempt and by Mr. Sanders himself within one minute of his failed attempt. These successful logins show that DAWSON was working properly.

In sum, section 7451 does not apply to this case. DAWSON was operational at all relevant times. To the extent that Mr. Sanders experienced difficulties in filing his Petition, they were unique to him and not the result of the system's being inaccessible or otherwise unavailable to the general public.

Mr. Sanders's case exemplifies the risk in last-minute electronic filing. Filing close to the deadline leaves "little margin for error." *Beal*, 633 B.R. at 410. As the U.S. Court of Appeals for the Seventh Circuit has noted:

> Courts used to say that a single day's delay can cost a litigant valuable rights. . . . With e-filing, one hour's or even a minute's delay can cost a litigant valuable rights. A

---

the US Tax Court. These can be prepared in advance, before you start the process of creating a new case in DAWSON."

[10] In *In re Sands*, 328 B.R. at 616, 619, the court found no evidence that a technical problem in the clerk's office caused an untimely filing, despite the attorney's assertions that the electronic filing system was operating at an "excruciatingly slow" pace. The court noted that "[p]roblems occurring in counsel's office, such as a poor Internet connection or a hardware problem, will not excuse . . . untimely filing." *Id.* at 619.

prudent litigant or lawyer must allow time for difficulties on the filer's end. A crash of the lawyer's computer, or a power outage at 11:50 PM, does not extend the deadline, even though unavailability of the court's computer can do so . . . .

*Justice*, 682 F.3d at 665.

### C.   *Equitable Tolling Does Not Apply.*

We are unable to apply the doctrine of equitable tolling to the deadline to file a petition in a deficiency case. The deadline to file a petition in a deficiency case is jurisdictional. I.R.C. § 6213(a); *Hallmark Rsch. Collective*, 159 T.C., slip op. at 42. Equitable tolling has the effect of extending a limitations period set by Congress when a litigant has diligently pursued his rights "but some extraordinary circumstance" nevertheless prevents him from meeting a deadline. *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). But if a federal court's subject-matter jurisdiction depends on a timely pleading, the filing deadline cannot be equitably tolled. *United States v. Wong*, 575 U.S. 402, 408–09 (2015); *Hallmark Rsch. Collective*, 159 T.C., slip op. at 7. Where Congress "clearly states" that a deadline is jurisdictional, we must enforce it regardless of equitable considerations. *Wong*, 575 U.S. at 409; *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515–16 (2006); *Hallmark Rsch. Collective*, 159 T.C., slip op. at 8. As we held in *Hallmark Research Collective*, 159 T.C., slip op. at 42:

> Section 6213(a) clearly states that its 90-day deadline is jurisdictional, as indicated by its text, context, and uniform treatment during its long history. Congress has limited the Tax Court's deficiency jurisdiction to only those cases in which a petition is timely filed, and we do not have authority to extend the deadline in section 6213(a) by equitable tolling.

Indeed, Congress reinforced the notion that section 6213(a) is jurisdictional in 2021 when it enacted section 7451(b), which extends the deadline for filing a petition when a filing location is inaccessible or otherwise unavailable to the general public. When adding this provision, Congress clearly viewed the *timely* filing of a petition as a prerequisite to the Court's jurisdiction, stating in the effective date provision: "The amendments made by this section shall apply to petitions *required* to be timely filed (determined without regard to the amendments made by

this section) after the date of enactment of this Act." Infrastructure Investment and Jobs Act § 80503(c) (emphasis added). Notably, Congress made this provision applicable only to petitions, and not to documents that lack the jurisdictional significance of petitions.

Because the filing deadline is jurisdictional, we cannot apply equitable tolling.

III. *Conclusion*

Mr. Sanders did not file his Petition within the time prescribed by section 6213(a). Although section 7451 may extend the period for filing a petition if a filing location is inaccessible or otherwise unavailable to the general public, problems unique to a user do not constitute inaccessibility or unavailability. And equitable tolling cannot apply to an untimely petition in a deficiency case. Because DAWSON was accessible on December 12, 2022, section 7451 is inapplicable. Mr. Sanders's Petition was untimely, and we must dismiss this case for lack of jurisdiction.

*An order of dismissal for lack of jurisdiction will be entered.*